ELIZA MARVIN, AS ADMINISTRATRIX, ETC., OF ALONZO D. MARVIN, DECEASED, RESPONDENT, *v.* FRANZ B. MULLER AND WILLIAM HARMAN BROWN, APPELLANTS.

*Master and servant — a master furnishing a perfect derrick and employing competent workmen is not liable for injuries to one of his workmen.*

An employer furnished to his workmen, who were all competent and fit persons for the employment, a derrick in all respects complete and in good condition. The derrick had, from time to time during the progress of the work, to be moved. Owing to one of the workmen having insecurely fastened a guy-rope attached to and forming part of the derrick, the derrick fell and killed the plaintiff's intestate, who was one of the workmen engaged in doing the work. In an action brought by the legal representatives of the deceased:

*Held,* that the employer was not liable in damages because of the death.[*]

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury at the Greene County Circuit. The action was brought to recover damages caused by the death of the plaintiff's intestate, resulting from the falling of a derrick.

*Tompkins Westervelt,* for the appellants.

*Andrews & Edwards,* for the respondent.

---

[*] In *Holden* v. *Fitchburg Railroad Company* (129 Mass., 268), the court, on page 278, lay down the rule as follows: "It being admitted that the derrick was suitable for the work for which it was designed, and there being no evidence of negligence on the part of the corporation in selecting or instructing the workmen, *any negligence of theirs in setting up or using the derrick is the negligence of fellow servants of the plaintiff, for which the defendants cannot be held liable.*"—[REP.

Bockes, J. :

The plaintiff's intestate was injured while engaged in the defendants' service, so seriously as to cause his immediate death. He, with other employes or servants of the defendants, was engaged on the occasion of the injury in raising and putting in place timbers or heavy materials in the construction of an addition to an ice-house. The immediate cause of the injury was an omission on the part of some or one of the workmen properly and safely to fasten at its foot one of the guys attached to the top of the mast of the derrick or hoisting apparatus furnished for the occasion; the purpose of which guys was to keep the derrick in proper position for use.

As the case is here presented on this appeal, it stands undisputed that the derrick in all its parts, the mast, the guys, the tackle, the entire hoisting apparatus and every part of it, was of good material, well constructed and, as an instrument, sufficient in all respects for the use in which it was to be employed; and further that the persons employed by the defendants in and about the work and in the use of the derrick were all competent and fit persons for the employment, tested by the rule of ordinary care and prudence. This is the condition of the case as it comes before the court on this appeal under the rulings of the learned judge before whom the trial was had, and on the concession of the plaintiff's counsel then made. The case then is this: The plaintiff's intestate with competent and fit workmen was employed by the defendants in the construction of an edifice, and with that end in view, they were provided with proper materials and appliances for its erection, and among them was a movable hoisting apparatus, complete and perfect in itself, to be used by the workmen in and about the work. This apparatus, called a derrick, was to be changed in its location by the workmen from time to time as the circumstances of its use should require, and was to be by them fastened in place — such anchoring was to be effected by firmly and safely fastening the lower extremities of the guy-ropes attached to and forming part of the derrick, to something fixed and stable by nature or to something made firm and stable by artificial means.

When a change in the location of the derrick should be made, where it should be placed, and how anchored and fastened in place

were left to the workmen to determine, and were matters of detail in the performance of the work in which they were engaged. The negligence charged consisted in an omission on the part of the workmen to make the fastening secure; and it should be here remarked that personal negligence on the part of the defendants, as distinguished from negligence by their employes, is not imputed in this case.

The rule of duty applicable to employers in cases like this in hand, has been repeatedly declared in the books, and is this: That the master or employer is responsible to his servants and employes for due care in furnishing for their use in his service proper machinery and other materials and appliances necessary for the work to be performed, and also skillful fellow servants. If he fail in these obligations of duty to his workmen and injury occurs to them by reason of such failure, he is responsible therefor, and this is the extent of his liability in this class of cases. (*Besel* v. *N. Y. C. and H. R. R. Co.*, 70 N. Y., 173; *Malone* v. *Hathway*, 64 id., 5; *Wright* v. *N. Y. C. and H. R. R. Co.*, 25 id., 562; *Laning* v. *N. Y. C. and H. R. R. Co.*, 49 id., 532, 533; *Flike* v. *B. and A. R. R. Co.*, 53 id., 549, 553; *Coughtry* v. *G. W. Co.*, 56 id., 124; *De Graff* v. *N. Y. C. and H. R. R. Co.*, 76 id., 125.)

Now it must be noted that there was no defect in the derrick. It was fully adequate to the necessities of the work in all its parts as a hoisting apparatus. This was conceded or assumed on the trial. The injury was caused solely by an omission on the part of the workmen to safely fasten one of the guy-ropes, that is, to make the fastening in a suitable and proper manner. This was what the workmen were employed to do. It pertained to the use of the apparatus by them, and thus the injury was occasioned by the negligence of the workmen in the manner of its use. The defendants did not furnish to their workmen for use an imperfect, improper or unsafe apparatus. It only became unsafe when negligently or carelessly used. The appellant's counsel well says that the workmen took what the master provided and proceeded to use it, and in the course of such use they so handled and applied it that the accident occurred, and one of the workman was injured; but not from any defect in what the master furnished. In *King* v. *New York Central and Hudson River Railroad Company* (4 Hun, 769) the derrick fur-

nished to the workmen for use by them was itself imperfect and unsafe. The judgment in this case was reversed by the Court of Appeals (66 N. Y., 181), but not on the point here under discussion. (S. C., 72 N. Y., 607.) In *Coughtry* v. *Great Western Company* (56 N. Y., 124) the scaffold furnished by the employer was imperfect and unsafe in itself, and the court laid stress on the fact that it was so furnished to their workmen for use. The latter had nothing to do with its erection. It was provided for them as a place to work upon, and fell, owing to its defective construction. The case differs from the one here before the court in all its material features. As above suggested, here the derrick was fully adequate for the purpose for which it was to be employed. It was delivered over to the workmen to be used by them and, if properly used, its employment would be without other dangers than such as pertained to the service in which they were engaged. But they so negligently used it that injury resulted to one of their number. The injury resulted, therefore, from the negligence of the workmen themselves while engaged in a common employment. This conclusion renders it unnecessary to consider other grounds of alleged error urged by the appellants' counsel. It follows that within the rule of law repeatedly laid down, liability therefor did not attach to the defendants.

The judgment should be reversed and a new trial granted, costs to abide the event.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment and order reversed and new trial granted, costs to abide event.